927 So.2d 973 (2006)
Stacy PATRICK and Terrell Patrick, Appellants,
v.
PALM BEACH COUNTY SCHOOL BOARD, Appellee.
No. 4D05-1244.
District Court of Appeal of Florida, Fourth District.
March 29, 2006.
Rehearing Denied June 5, 2006.
*974 Barry M. Silver, Boca Raton, for appellants.
Dorsey C. Miller, III of Haliczer, Pettis & Schwamm, P.A., Fort Lauderdale, for appellee.
KLEIN, J.
Appellant Stacy Patrick, a teacher who was injured by a student with a propensity for violence, filed this personal injury action against her employer, the school board. The trial court granted the school board's motion for summary judgment on the ground of worker's compensation immunity, and she appeals. We reverse.
The intentional tort exception to the general rule of worker's compensation immunity, section 440.11(1), Florida Statutes (2002), requires the employee to show that the employer engaged in conduct that was objectively substantially certain to result in injury. In Travelers Indemnity Co. v. PCR Inc., 889 So.2d 779, 782-84 (Fla. 2004), our supreme court explained:
[T]he latter method of satisfying the intentional-tort exception, the substantial-certainty method, calls for an objective inquiry: the relevant question is not whether the employer actually knew that its conduct was substantially certain to result in injury or death but, rather, whether the employer should have known that its conduct was substantially certain to result in injury or death. Accordingly, we held that under the substantial-certainty method of satisfying the intentional-tort exception, "the employer's actual intent is not controlling." Rather, this method requires a court to look to the totality of the circumstances "to determine whether a reasonable person would understand that the employer's conduct was substantially certain to result in injury or death to the employee." Applying this standard, we held that PCR was not entitled to summary judgment because genuine issues of material fact existed as to whether its conduct had been objectively substantially certain to cause injury or death.
At the hearing on the motion for summary judgment, the school board conceded, for purposes of the motion, that the allegations in the complaint were true. Those allegations, along with the facts contained in plaintiff's affidavit, showed the following facts. The child had been previously placed in a unit for the severely emotionally disabled, based on prior behavior. His file indicated that he had multiple personality disorder and reflected numerous incidents of violence including threats to teachers. The school board *975 also knew that the child had been "Baker Acted" by his parents for slamming his mother's head against the floor, but either concealed or misrepresented the child's records in order to place him in this school, which was contrary to the school board's policies.[1] The placing of him in this school, and not warning the teachers, made it substantially certain that someone would be injured.
A similar worker's compensation immunity factual situation was presented in Sierra v. Associated Marine Institutes, Inc., 850 So.2d 582 (Fla. 2d DCA 2003), in which a counselor at a residential juvenile detention camp was murdered by two of the camp's residents. The second district reversed an order dismissing the complaint by the employee against his employer, which was based on the employer's failure to protect the employees from this type of violence. After citing two similar cases from other jurisdictions, the second district concluded that, in light of the violent histories of the two teenage felony offenders, who had been assessed as escape risks, and the inexperience of the murdered employee who had not received proper training, the allegations met the substantial certainty test.
We agree with Sierra and conclude that the school board did not, on its motion for summary judgment, establish that there were no genuine issues of material fact as to whether the employer's behavior satisfied the intentional tort exception.
Reversed.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] Under section 394.467, Florida Statutes (2002) (the Baker Act), a court may order inpatient treatment on finding a substantial likelihood that the patient will inflict serious bodily harm on someone.