POLEN, J.
Stacy Patrick is a middle school teacher who was injured during the course and scope of her employment when she interceded into a fight between two students. She appeals a final judgment on a jury verdict that the intentional tort exception to the worker’s compensation act exclusive remedy provision did not apply. Patrick challenges the trial court’s limitation of evidence as to the school board’s alleged “cover-up” of dangerous situations in the school, disallowing evidence as to Patrick’s post-incident miscarriage, and any evidence regarding the shooting death of teacher Barry Grunow at the same school two years earlier (which Patrick also claimed to involve a “cover-up”), as well as the school board’s alleged admission against interest that Patrick’s miscarriage was causally related to the incident. Patrick also argues that the jury instructions were erroneous. We have reviewed each of these claims, which involve discretionary calls by the trial court, and conclude that no reversible error has been demonstrated. Although we affirm as to all issues raised, we write only to highlight the evidence that negated the basis for Patrick’s suit; namely, that Patrick voluntarily inserted herself into the student altercation, in disregard of school policy, and despite her knowledge that such students may act out violently.
In Patrick’s personal injury action against her employer, the school board, the trial court granted the school board’s motion for summary judgment on the ground of worker’s compensation immunity. Patrick appealed, and this court reversed, finding that the school board did not, on its motion for summary judgment, establish that there were no genuine issues of material fact as to whether the employer’s behavior satisfied the intentional tort exception to the general rule of workers’ compensation immunity. See Patrick v. Palm Beach Cnty. Sch. Bd., 927 So.2d 973 (Fla. 4th DCA 2006).
*1163 At the subsequent trial, it was elicited that Patrick taught severely learning disabled (SLD), emotionally handicapped (EH) and severely emotionally disturbed (SED) students, who were inclined to act out physically and verbally, and sometimes even violently. Patrick was injured when she interceded in a fight between two such students, one of whom was D.W., a new transfer, who had a history of acting out, including making violent threats. Prior to D.W.’s transfer, the teachers were advised that they were getting a new student with behavioral problems. The behaviors exhibited by D.W. were consistent with that of a typical EH-SED student. Patrick herself testified that she knew that students such as D.W. have the propensity to act out violently.
Moreover, the school had policies and procedures in place to deal with various crises, including student altercations like the one that ensued here. In such a situation, the school had a team of first responders, consisting of specifically designated and specially trained administrators and teachers. Patrick was not a member of this response team. She, like other teachers, was instructed to call a “Code 36” during such an altercation, to alert the specially assigned response team. While waiting for the team to arrive, verbal directives could be given to break up a fight, and the teachers could establish a perimeter, but physical intervention was not allowed due to risk of injury.
During the student altercation here, instead of following school protocol (calling a Code 36), and waiting for the response team, Patrick took it upon herself to intercede. She put one hand on each of the students’ shoulders to separate them and was drawn into the fight. During the scuffle, D.W. grabbed Patrick’s hair, and, as Patrick was extracted from the melee by other teachers, she fell on her knee. Her lawsuit centered on her claim that the school board’s actions were substantially certain to cause injury to her; however, the evidence reflects that Patrick recognized and ignored the inherent risk of personal injury in trying to break up the fight.
As the evidence reflects that Patrick’s injuries resulted from her decision to put herself at risk and intervene into a fight between two behaviorally challenged students, in contravention of school policy, this negates any possibility that Patrick could recover from the school board under the intentional tort exception to workers’ compensation immunity. Accordingly, we must affirm.

Affirmed.

WARNER and FARMER, JJ., concur.